[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 16, 1993 Date of Application February 16, 1993 Date Application Filed February 16, 1993 Date of Decision September 28, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Windham.
Docket No. CR11-81087, CR11-82079.
Pamela Favreau, Esq. Defense Counsel, for Petitioner
 Roger Caridad, Esq. Assistant State's Attorney, for the State
BY THE DIVISION CT Page 9870
After pleas of guilty, petitioner was convicted of sale of narcotics in violation of General Statutes21a-277(a); failure to appear in the first degree in violation of General Statutes 53a-172 and larceny in the second degree in violation of General Statutes53a-123(a)(3). A sentence of five years was imposed on the first count, a sentence of one year was imposed on the second count and a sentence of six years was imposed on the third count. All sentences were to run consecutive to each other for a total effective sentence of twelve years.
The facts underlying the first charge indicate that on September 1, 1992, police observed petitioner transfer a glassine bag containing heroin to another party in return for money. The police witnessed several other similar transactions by petitioner on that same day.
On the second file a sixty-two year old woman, who utilized a cane to walk, was placing groceries in the trunk of her car. Petitioner came up behind the woman, pushed her into the trunk, grabbed her pocketbook and ran to her own automobile. The victim chased after petitioner and grabbed the door of petitioner's vehicle as she attempted to drive away. The victim was dragged a short distance and fell to the ground. The victim's pocketbook contained about twenty dollars in cash as well as other items. The wilful failure to appear count arose out of this charge.
Petitioner's attorney requested a reduction in sentence. She stated that petitioner entered a plea with no agreement as to the sentence, with the understanding that some charges could not be prosecuted. The attorney pointed out that the victim in the second case suffered no serious injuries. She also pointed out that, in connection of all charges, petitioner was drug dependent and that the presentence investigation did not fully state this condition. Any profits which petitioner derived from the sale of narcotics went into the purchase of these substances to feed CT Page 9871 her own habit. The attorney further stated that petitioner's work history in the presentence investigation was not accurate in that petitioner did have a more credible history of employment. It was further argued that petitioner's criminal record consisted mostly of misdemeanor charges arising out of her addiction.
The attorney stated that the sentence imposed was excessive and not proportionate. She stated that the sentence exceeded that recommended by the state and contained no probation or other provision for rehabilitation.
Speaking on her own behalf, petitioner stated that she had been drug dependent since 1981. She stated that she worked and tried to kick the habit but was unsuccessful in having any program admit her. With respect to the attack on the elderly woman, petitioner stated that this was the first time she had ever did anything comparable. She also stated that she turned herself in and gave a statement to the police.
The state's attorney recommended against any reduction. He stated that prior to petitioner entering a plea she was exposed to prison terms which could approach one hundred years. He stated that the more serious charges were reduced resulting in the plea entered by petitioner.
The judge here was required to impose sentence on a thirty-four year old female with a long history of substance abuse. Her criminal record extended back to 1977 and included ten prior convictions with a number of charges pending at the time sentence was imposed. At the time of the assault on the elderly woman petitioner was on probation. The victim in this matter suffered from severe arthritis and had difficulty walking for some time after the offense. The attack was committed in daylight in a public location.
In imposing sentence the judge remarked on petitioner's prior criminal record and her probation situation. The judge stated that petitioner was out of control and a threat to the community. He observed that her crimes were escalating and tending to become violent. The judge felt it necessary to incarcerate her to protect society. CT Page 9872
Considering the nature of the offenses committed, the character of petitioner and the need to protect the public from such conduct, it cannot be found that the sentence imposed was inappropriate or disproportionate. Connecticut Practice Book 942.
The sentence is affirmed.
Purtill, J.
Norko, J.
Miano, J.
Purtill, J., Norko, J. and Miano, J. participated in this decision.